

**Richard A. Bodnar**
Partner

PENN 1
1 Pennsylvania Plaza
New York, NY 10119
212.597.2810
rbodnar@rksllp.com

May 8, 2026

<u>**Via ECF**</u>

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re:   ***In re Eletson Holdings, Inc., et al.*, Case No. 25-cv-06182 (LJL)**
      ***In re Eletson Holdings, Inc., et al.*, Case No. 25-cv-06220 (LJL)**
      ***In re Eletson Holdings, Inc., et al.*, Case No. 25-cv-06240 (LJL)**
      ***In re Eletson Holdings, Inc., et al.*, Case No. 25-cv-07593 (LJL)**

Dear Judge Liman:

This office represents appellants Lassia Investment Company, Glafkos Trust Company, Family Unity Trust Company (collectively, the "Majority Shareholders"), and Elafonissos Shipping Corporation ("Elafonissos," and together with the Majority Shareholders, the "Appellants") in connection with the above-captioned appeals (the "Appeals"). We write in response to the Court's April 29, 2026 order to show cause (the "Order") and to respectfully request that the Court not dismiss the Appeals for lack of briefing, as Appellants' opening briefs are not yet due.

The Order was entered in multiple appeals arising from *In re Eletson Holdings, Inc.*, No. 23-10322 (JPM) (Bankr. S.D.N.Y.). Two of appeals were brought by the Majority Shareholders and Elafonissos (25-cv-06220 and 25-cv-07593), two by Elafonissos alone (25-cv-06182 and 25-cv-06240), and three by other entities. In each case, the Court directed the appellants to show cause as to why their appeals should not be dismissed for failure to file an opening brief. Appellants fully appreciate the Court's interest in the timely progress of these Appeals and intend to proceed expeditiously. At present, however, the briefing deadline has not yet been triggered in any of Appellants' four Appeals.[1]

Bankruptcy Rule 8018(a)(1) provides the relevant deadline, which is still off in the future. The rule requires an appellant to file its opening brief within 30 days "after the docketing of notice that the record has been sent or that it is available electronically." Fed. R. Bankr. P. 8018(a)(1). As of

---

[1] Though Appellants have not missed any briefing deadlines, they intend to voluntarily dismiss two of their Appeals, as discussed below.

this writing, no such notice appears on the docket of any of the four Appeals, nor on the docket of the underlying bankruptcy case. Accordingly, the 30-day period has not begun to run, let alone run out. *Cf. In re Enron Corp.*, 475 F.3d 131, 134-35- (2d Cir. 2007) (reversing dismissal because Fed. R. Bankr. P. 8009—the predecessor to Fed. R. Bankr. P. 8018(a)(1)—stated that a specific procedural event would set the deadline for the filing of the appellant's brief and that event had not occurred).

Nor does Bankruptcy Rule 8003(a)(2), which permits corrective action if an appellant fails "to take any step other than timely filing [of] a notice of appeal," provide grounds for dismissal. Appellants took subsequent steps; at a minimum, they filed a designation of the record and a statement of issues in each Appeal. (25-cv-06182, Dkt. No. 6; 25-cv-06220, Dkt. No. 4; 25-cv-06240, Dkt. No. 4; 25-cv-07593, Dkt. No. 3.) As a result, Bankruptcy Rule 8003(a)(2) does not apply here.

Appellants also wish to advise the Court that, for reasons unrelated to the Order, they intend to voluntarily to dismiss Appeals 25-cv-06220 and 25-cv-07593. In addition, Elafonissos intends to move to consolidate Appeals 25-cv-06182 and 25-cv-06240, which present overlapping issues and arise from the same underlying bankruptcy proceedings, to make their briefing and resolution more efficient for the Court and the parties.

Appellants understand the Court is concerned about the absence of opening briefs on the dockets. That absence merely reflects Appellants' good-faith understanding of the rules governing when briefing commences and not any intention to delay or impede the progress of these Appeals. Appellants stand ready to prepare their opening briefs promptly once the Rule 8018(a)(1) clock begins to run or at the Court's direction, and they fully intend to comply with any schedule the Court sets.

We thank the Court for its consideration and remain mindful of its interest in the efficient administration of these Appeals.

Respectfully submitted,

Richard A. Bodnar